[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15560
Non-Argument Calendar
_____

D.C. Docket Nos. 3:16-cv-00224-MCR-EMT,
3:13-cr-00093-MCR-EMT-1

PRESTON LEE JOHNSON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 30, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Preston Johnson, Jr., a federal prisoner, appeals the district court's denial

and dismissal of his pro se 28 U.S.C. § 2255 motion to vacate his 200-month

sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

After plain error review, we affirm the district court's denial of Johnson's § 2255

motion.

## I.  BACKGROUND FACTS

### A.    Conviction and Sentencing

In June 2014, a jury convicted Johnson of one count of possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).

Johnson's presentence investigation report ("PSI") stated that because

Johnson had at least three prior convictions for violent felonies or serious drug

offenses, he qualified as an armed career criminal.  The PSI identified these six

Florida convictions: (1) resisting arrest with violence and battery on a law

enforcement officer in 1988 ("resisting arrest with violence"); (2) burglary,

trespass, and battery in 1989; (3) burglary of a dwelling in 1989; (4) possession

and sale of cocaine in 1990; (5) battery on a law enforcement officer in 1995

("1995 BOLEO"); and (6) battery in 1999.  Johnson did not file written objections

to the PSI.  As a result of his armed career criminal designation under the ACCA,

Johnson's offense level was increased from 16 to 33, and he was subject to a

statutory mandatory minimum of fifteen years (or 180 months) in prison.

At his September 2014 sentencing, Johnson, through counsel, stated that he

had no factual or legal objections to the PSI and affirmatively acknowledged that

2

he had three prior convictions that qualified him for the ACCA enhancement. The sentencing court agreed with defense counsel that Johnson had three qualifying prior convictions, but concluded that Johnson's 1999 battery conviction did not qualify and that the PSI would be corrected to omit that conviction. Otherwise, the sentencing court found that the PSI was accurate as modified in open court. The PSI, the parties, and the sentencing court did not reference, much less discuss, under which ACCA clause any of his five remaining prior convictions qualified.

The sentencing court calculated an advisory guidelines range of 188 to 235 months' imprisonment. Based on the seriousness of Johnson's criminal history, some of which was not accounted for in the guidelines calculations, the sentencing court denied Johnson's request for a downward variance to the mandatory-minimum 180-month sentence and instead imposed a 200-month sentence.

**B.    Direct Appeal**

On direct appeal, Johnson raised various trial issues, but did not challenge his ACCA-enhanced sentence at all. This Court affirmed in an opinion dated June 24, 2015. See United States v. Johnson, 615 F. App'x 582, 583 (11th Cir. 2015).

The following day, the Supreme Court issued its decision in Johnson v. United States, which invalidated the ACCA's residual clause as unconstitutionally vague. See Johnson, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015).

**C.    Section 2255 Proceedings as to Burglary Convictions**

3

In May 2016, Johnson pro se filed the present § 2255 motion, arguing that he no longer had three qualifying ACCA predicate convictions in light of Johnson. Johnson contended that the sentencing court relied on the ACCA's now-void residual clause to find that his Florida burglary convictions qualified as violent felonies.

A magistrate judge sua sponte reviewed Johnson's motion and issued a report recommending that Johnson's motion be summarily dismissed. The report noted that the PSI listed six prior convictions that qualified Johnson for the ACCA enhancement, but that Johnson challenged only the use of his two burglary convictions.

The report found that Johnson's convictions for sale of cocaine and resisting arrest with violence were unaffected by Johnson's invalidation of the ACCA's residual clause. Thus, only one more qualifying conviction was needed to sustain the ACCA enhancement. The report found that Johnson's 1995 BOLEO conviction qualified as a violent felony "under the elements clause," citing to Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1339-40 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. at 2557-58, 2563. In so doing, the report pointed to undisputed facts in the PSI indicating that Johnson had actually and intentionally touched or struck a corrections officer "causing bodily

4

harm to her," which qualified as the third predicate offense.[1]  Thus, the report concluded, even if Johnson's burglary convictions no longer qualified after Johnson, he still had three other convictions that supported the ACCA enhancement.

On June 6, 2016, the magistrate judge issued her report and notified Johnson that he had 14 days to file objections and that a failure to do so would waive his right to challenge on appeal any unobjected-to factual and legal conclusions, citing Eleventh Circuit Rule 3-1.  Thereafter, the district court granted Johnson an additional thirty days, or through and including July 29, 2016, to file his objections to the report.  Johnson, however, did not file any objections.  On August 2, 2016, the district court adopted the report and summarily denied and dismissed Johnson's § 2255 motion.

On January 31, 2017, this Court granted Johnson a certificate of appealability ("COA") as to "whether the district court erred in denying Johnson's 28 U.S.C. § 2255 motion on the basis that Johnson had three qualifying convictions under the ACCA following Johnson."[2]

---

[1]The report noted that Johnson's 1999 battery conviction also qualified under the ACCA's elements clause using the modified categorical approach because the undisputed PSI facts stated that Johnson had hit his victim.  The sentencing court, however, explicitly found that this 1999 battery conviction did not qualify as an ACCA predicate and did not use it to support the ACCA enhancement.  Thus, we do not consider this 1999 battery conviction in this appeal.

[2]We deny Johnson's motion to strike the government's response brief for briefing issues outside the scope of the COA.  The COA encompasses the underlying threshold issues raised in

## II.  STANDARD OF REVIEW

In reviewing a district court's denial of a § 2255 motion, this Court ordinarily reviews the district court's legal conclusions de novo and its factual findings for clear error.  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).  It is a question of law whether a prior conviction is a violent felony under the ACCA.  United States v. Seabrooks, 839 F.3d 1326, 1338 (11th Cir. 2016).

In Johnson's case, however, there are two independent reasons this Court could conclude Johnson's claim is not preserved for appellate review at all.  First, in the district court, Johnson's § 2255 motion challenged only the sentencing court's reliance on his prior burglary convictions to support the ACCA enhancement and did not raise any issue as to the sentencing court's reliance on his 1995 BOLEO conviction.  Thus, we could conclude that Johnson has waived his Johnson challenge to his 1995 BOLEO conviction.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).

Second, Johnson failed to object to the magistrate judge's report and recommendation focusing on his BOLEO conviction, despite being warned of the consequences and being given an extra thirty days to file objections.  Generally,

---

the government's brief—the effect of Johnson's failure to object to the magistrate judge's report, and what burden of proof Johnson must satisfy to prevail on his Johnson claim—all of which are threshold procedural matters that must be resolved before this Court can reach the merits of the issue specified in the COA.  See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).  In any event, given the parties have briefed these issues, and to the extent necessary, we alternatively sua sponte expand the COA accordlingly.

under such circumstances, a party "waives the right to challenge on appeal the district court's order based upon unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (providing that "the court may review on appeal for plain error if necessary in the interests of justice").[3]  Because we conclude in this case that the interests of justice are served by allowing Johnson's appeal to proceed, we exercise our discretion to review his claims for plain error.

To establish plain error, an appellant must show that there was (1) error, (2) that was "plain—that is to say, clear or obvious," and (3) that affected the appellant's substantial rights.  Molina-Martinez v. United States, 578 U.S. ___, 136 S. Ct. 1338, 1342-43 (2016).  If these three prongs are met, this Court has the discretion to remedy the error if it seriously affected the fairness, integrity, or public reputation of judicial proceedings.  Id.  Because the error must be obvious and clear under current law, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  In addition, we can affirm on any ground supported by the record.  Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016).

### III.  DISCUSSION

---

[3]The government contends Johnson procedurally defaulted on his Johnson claim because he failed to raise it in his direct appeal.  We decline to address the procedural default issue because his Johnson claim loses on the merits in any case.

## A.    General Principles

The ACCA provides that a person convicted under 18 U.S.C. § 922(g) faces a fifteen-year mandatory minimum prison term if he has three or more prior convictions for a "violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements" clause, while the second prong contains the "enumerated crimes" clause and what is commonly called the "residual" clause.  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In Johnson, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague.  135 S. Ct. at 2557-58, 2563.  The Supreme Court clarified, however, that its decision did not call into question the application of the ACCA's elements or enumerated crimes clauses.  Id. at 2563.  Subsequently, the Supreme Court held that Johnson announced a new substantive rule that applied retroactively to cases on collateral review.  Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016).

8

To assert a claim based on <u>Johnson</u>, the movant must contend that he was sentenced under the ACCA's now-void residual clause.  <u>Beeman v. United States</u>, 871 F.3d 1215, 1220 (11th Cir. 2017).  A claim that the movant was incorrectly sentenced under the ACCA's elements or enumerated crimes clauses is not a <u>Johnson</u> claim but rather a <u>Descamps</u> claim.[4]  <u>Id.</u> at 1220.

## B.    Beeman

Under our Court's binding precedent, to prevail on a <u>Johnson</u> claim, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  <u>Id.</u> at 1221-22.  If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause."  <u>Id.</u>  This inquiry is a question of "historical fact" and a decision today that a prior conviction "no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact . . . ."  <u>Id.</u> at 1224 n.5.

A § 2255 movant can carry his burden of proof "only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on

---

[4]<u>Descamps v. United States</u>, 570 U.S. 254, 133 S. Ct. 2276 (2013).

either the enumerated offenses clause or the elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." Id. at 1221.  If the record is unclear or silent as to whether the sentencing court relied on the residual clause, then the movant has not met his burden, and his claim must be denied.  Id. at 1224-25.

Here, Johnson does not dispute that at the time of his sentencing he had two qualifying prior felony convictions: (1) a 1988 Florida conviction for resisting arrest with violence, which qualified as a violent felony under the ACCA's elements clause; and (2) a 1990 Florida conviction for possession and sale of cocaine, which qualified under the ACCA's definition of a serious drug offense.  Thus, Johnson's Johnson claim is based solely on the third qualifying predicate conviction.

Johnson points to his 1995 felony BOLEO conviction under Florida Statutes §§ 783.07(2)(b) and 784.03(1)(a).  Under Florida law, a misdemeanor battery occurs when a person either:

> 1. Actually and intentionally touches or strikes another person against the will of the other; or
>
> 2. Intentionally causes bodily harm to another person.

10

Fla. Stat. § 784.03(1)(a)(1)-(2) (emphasis added). The offense becomes a felony when the person knowingly commits the battery on a law enforcement officer. Fla. Stat. § 784.07(2)(b).

After Curtis Johnson, a battery under § 784.03(1)(a)(1), which includes mere touching of the victim, does not categorically qualify as a violent felony under the ACCA's elements clause because unwanted touching does not constitute the "use of physical force." See Curtis Johnson v. United States, 559 U.S. 133, 135-40, 130 S. Ct. 1265, 1268-71 (2010). In Curtis Johnson, the Supreme Court explained that the term "physical force" in the ACCA's elements clause means "violent force— that is, force capable of causing physical pain or injury to another person." Id. at 140, 130 S. Ct. at 1271. The Supreme Court did not, however, address a bodily harm battery under § 784.03(1)(a)(2). Id. at 136-37, 130 S. Ct. at 1269. Instead, citing Shepard, the Supreme Court explained that "[s]ince nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested upon anything more than the least of these acts [of touching, striking, or causing bodily harm]," the only question was whether actually and intentionally touching the victim constituted the use of physical force within the meaning of the ACCA's elements clause. Id. at 137, 130 S. Ct. at 1269.

In this case, the problem for Johnson is the PSI's undisputed description of Johnson's BOLEO conviction. Specifically, the description in the PSI stated that,

11

"[a]ccording to Court records," Johnson "actually and intentionally touched or struck" the officer, "causing bodily harm to her," language that tracks both subsections of the battery statute.

Furthermore, at the time of Johnson's 2014 sentencing, this Court had concluded, using the modified categorical approach, that a BOLEO conviction under Florida Statutes § 784.03(1)(a) in which the undisputed PSI facts indicated the defendant had struck the victim with sufficient force to injure her wrist qualified as a violent felony under the ACCA's elements clause.  See Turner, 709 F.3d at 1339-40.[5]

Moreover, Johnson has not presented any indication, much less evidence, that the sentencing court actually relied on the ACCA's residual clause to find that his Florida BOLEO conviction was a qualifying predicate.

In other words, it is at least as likely, if not more so, that the sentencing court, in light of the Supreme Court's Curtis Johnson and this Court's Turner, relied on the PSI's undisputed description of Johnson's BOLEO conviction and found, using the modified categorical approach, that the BOLEO conviction

---

[5]In August 2015, after Johnson was decided, this Court noted that Turner's holding that a Florida BOLEO conviction qualified as a violent felony under the now-void residual clause was abrogated by Johnson.  United States v. Hill, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015).  Johnson, however, did not address the ACCA's elements clause.  Furthermore, the Hill Court noted that a Florida battery could be committed by touching the victim, striking the victim, or causing the victim bodily harm and that the Supreme Court in Curtis Johnson had not addressed the modified categorical approach.  Id. at 1323 n.2.  Thus, neither Curtis Johnson nor Johnson abrogated Turner's use of the modified categorical approach to determine whether Turner's Florida BOLEO conviction qualified under the elements clause.

12

qualified under the ACCA's elements clause.  Under these circumstances, Johnson has "failed to prove—that it [is] more likely than not—he in fact was sentenced as an armed career criminal under the residual clause."  See Beeman, 871 F.3d at 1225.  Because under our Beeman precedent Johnson failed to carry his burden of proof, the district court did not commit reversible error in denying and dismissing his § 2255 motion.

Alternatively, even without Beeman and even if we examined Johnson's 1995 Florida BOLEO conviction under current law (rather than as a historical fact), Johnson has not shown that his BOLEO conviction plainly does not qualify under the ACCA's elements clause or that the district court plainly erred in counting that offense.  We explain why.

## C.    Bodily Harm Battery under Florida Statutes § 784.03(1)(a)(2)

To qualify under the ACCA's elements clause, a felony crime must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(c)(2)(B)(1).  As the Supreme Court held in Curtis Johnson, the phrase "physical force" in the elements clause means violent force, which is "force capable of causing physical pain or injury to another person."  559 U.S. at 140, 130 S. Ct. at 1265.  We also know from Curtis Johnson that a battery under Florida Statutes § 784.03(1) does not categorically qualify under the ACCA's elements clause because a person may be convicted of battery

13

under § 784.03(1)(a)(1) for a mere unwanted touch. 559 U.S. at 137-41, 130 S. Ct. at 1269-71; see also United States v. Vail-Bailon, 868 F.3d 1293, 1298 (11th Cir. 2017) (en banc).

Here, however, the parties do not dispute that § 784.03 is a divisible statute. Based on the statute's structure, we agree. See United States v. Davis, 875 F.3d 592, 598 (11th Cir. 2017) (stating that the statute on its face may resolve whether the statute is divisible); see also Descamps v. United States, 570 U.S. 254, 260, 263, 133 S. Ct. 2276, 2283 (2013) (stating a statute is divisible when it "list[s] potential offense elements in the alternative," thereby creating multiple crimes); Mathis v. United States, 579 U.S. ___, ___, 136 S. Ct. 2243, 2249 (2016). Subsections (1) and (2) of § 784.03(1)(a) list two distinct battery crimes— (1) battery by touching or striking and (2) battery by causing bodily harm.[6]

We note also that Florida courts interpreting § 784.03(1)(a) have treated the statute's subsections as alternative elements of the crime of battery. See, e.g., Jaimes v. State, 51 So.3d 445, 449-51 (Fla. 2010); State v. Weaver, 957 So.2d 586, 587-89 (Fla. 2007). In addition, Florida's standard jury instruction for battery shows that the jury is specifically instructed to find as an element either that the defendant intentionally touched or struck the victim against his or her will or that the defendant intentionally caused bodily harm to the victim, indicating that these

---

[6]We need not, and therefore do not, address whether battery by "touching or striking" under § 784.03(1)(a)(1) is further divisible.

14

are separate elements, rather than two means of committing the same element. See Fla. Std. Jury Instr. (Crim.) 8.3. And, because the statute of conviction is divisible, the district court could use the modified categorical approach to determine whether Johnson's BOLEO conviction qualified under the elements clause. See Descamps, 570 U.S. at 260-61, 263, 133 S. Ct. at 2283, 2285.

Further, Johnson does not argue that bodily harm battery under § 784.03(1)(a)(2) fails to satisfy the ACCA's elements clause—that is, whether the element of "[i]ntentionally caus[ing] bodily harm" necessarily include the use, attempted use, or threatened use of physical force. As already noted, this Court in Turner concluded that a § 784.03(1)(a)(2) offense has as an element the use of "physical force." Thus, at a minimum, Johnson has not shown plain error on this point.

## D.    District Court's Use of PSI Facts

Johnson's sole argument on appeal is that the district court, in using the modified categorical approach, was limited to Shepard documents to determine the statutory basis for his BOLEO conviction—whether he was convicted of touching or striking the officer under § 784.03(1)(a)(1) or of intentionally causing bodily harm to the officer under § 784.03(1)(a)(2)—and plainly erred by consulting undisputed facts in his PSI to make that determination. We disagree.

This Court has repeatedly held that, in addition to Shepard documents, a court may consider the PSI's undisputed facts in determining whether a prior conviction qualifies as an ACCA predicate offense, including which element of a divisible statute formed the basis for the prior conviction under the modified categorical approach.  See, e.g., In re Welch, 884 F.3d 1319, 1325 (11th Cir. 2018); In re Hires, 825 F.3d 1297, 1302 (11th Cir. 2016); United States v. Ramirez-Flores, 743 F.3d 816, 820-21 (11th Cir. 2014); Rozier v. United States, 701 F.3d 681, 686 (11th Cir. 2012); United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006); United States v. Wade, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

Indeed, in Turner, this Court, applying the modified categorical approach, relied on undisputed PSI facts to conclude that the defendant's BOLEO conviction in that case qualified under the ACCA's elements clause.  See Turner, 709 F.3d at 1336, 1339-40.  In light of Turner and our other binding precedent, we cannot say the district court in this case plainly erred by looking to the PSI's undisputed description of Johnson's BOLEO conviction.

Here, the PSI's description indicates that Johnson not only touched or struck an officer, but also caused bodily harm to an officer.  Specifically, according to the undisputed facts in the PSI, state court records showed that Johnson "actually and intentionally touched or struck" the officer, "causing bodily harm to her . . . ."

16

Thus, the PSI demonstrates that regardless of whether Johnson was convicted of touching the officer or striking the officer, he was also convicted under § 784.03(1)(a)(2) of causing the officer bodily harm.

## III. CONCLUSION

For these reasons, Johnson has not shown that he is entitled to relief under Johnson. Accordingly, we affirm the district court's denial and dismissal of Johnson's § 2255 motion challenging his ACCA sentence based on Johnson.

**AFFIRMED.**