[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14904
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-08064-LSC; 1:10-cr-00226-LSC-TMP-1

CAREY LAMAR CHILDS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 8, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carey Lamar Childs, a federal prisoner proceeding pro se,[*] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 188-month sentence, imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  No reversible error has been shown; we affirm.

In 2010, Childs pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The sentencing court determined that Childs had been convicted previously of three Alabama offenses, each of which qualified as a "violent felony" under the ACCA: first-degree robbery, first-degree assault, and second-degree assault.  Because Childs qualified as a career offender, the sentencing court imposed an enhanced sentence under the ACCA.  Childs filed no direct appeal.

In 2016, Childs filed the pro se section 2255 motion at issue in this appeal. In pertinent part, Childs argued that his Alabama conviction for first-degree robbery no longer qualified as a violent felony in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (striking down as

---

[*] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

unconstitutionally vague the ACCA's residual clause).  The district court denied the motion and denied Childs a certificate of appealability ("COA").

On 22 February 2018, this Court granted Childs a COA on this issue: "Whether the district court erred in denying Mr. Childs's 28 U.S.C. § 2255 motion on the ground that his prior conviction for Alabama first-degree robbery still qualified as a violent felony under [the ACCA] in light of Johnson v. United States, 135 S. Ct. 2551 (2015)?"

In reviewing the denial of a motion to vacate under section 2255, we review de novo the district court's legal conclusions and review the district court's factual findings for clear error.  Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014).  We review de novo whether a conviction is a violent felony for purposes of the ACCA.  United States v. Canty, 570 F.3d 1251, 1254 (11th Cir. 2009).

On 15 March 2018 (after the COA issued in this appeal), this Court concluded that a conviction for first-degree robbery in Alabama is a "violent felony" under the ACCA's elements clause and, thus, still qualifies as a predicate offense after Johnson.  See In re Welch, 884 F.3d 1319, 1324 (11th Cir. 2018) (denying an application for leave to file a second or successive section 2255 motion).  We are bound by this Court's decision in In re Welch.  See United States v. St. Hubert, 909 F.3d 335, 345-46 (11th Cir. 2018) ("our prior-panel-precedent

3

rule applies with equal force as to prior panel decisions published in the context of application to file second or successive petitions."); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Because Childs's only argument on appeal is now foreclosed by this Court's binding precedent, we affirm.

AFFIRMED.