[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12365

_____

D.C. Docket No. 1:16-cr-00224-RDP-HGD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ANDREW HUNT,

Defendant - Appellant.


_____

No. 17-12366

_____

D.C. Docket No.  2:16-cr-00095-RDP-JHE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUSION YOSHUA RICE,

Defendant - Appellant.

_____

No. 17-12919

_____

D.C. Docket No.  7:16-cr-00408-LSC-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENDRICK DEMOND HALL,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(August 14, 2019)

Before JORDAN, GRANT, and SILER,* Circuit Judges.

PER CURIAM:

The defendants in these consolidated appeals—David Hunt, Lusion Rice, and

Dendrick Hall—appeal their sentences under the Armed Career Criminal Act, 18

_____

* The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

2

U.S.C. § 924(e), and the United States Sentencing Guidelines, including U.S.S.G. § 4B1.2(a).  Following oral argument, we affirm.

## I

Mr. Hunt and Mr. Rice challenge the district courts' rulings that their Alabama robbery convictions qualify as predicate felonies under ACCA, and argue that Alabama robbery is not a "violent felony" under ACCA's elements clause.  *See* § 924(e)(2)(B)(i).  Specifically, they contend that the use-of-force element in Alabama's robbery statute merely requires the offender to use enough force (or threat of force) to overcome the victim's resistance, and that such force does not amount to violent force within the meaning of ACCA.  *See* Ala. Code § 13A-8-43.

After the defendants filed their briefs, we addressed the use-of-force element in Alabama robbery.  We ruled in *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018), that first-degree robbery in Alabama is a violent felony under § 924(e)(2)(B)(i), ACCA's elements clause.  *See also Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) (holding that Florida robbery was a "violent felony" under § 924(e)(2)(B)(i) even though the Florida statute only required force sufficient to overcome the victim's resistance).  Mr. Hunt and Mr. Rice correctly note that *Welch* was decided in the context of a second and successive application, but it nevertheless constitutes binding precedent.  *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018).

Based on *Welch* (and, to a lesser degree, *Stokeling*), we affirm the district courts' rulings that Alabama robbery is an ACCA predicate offense. Although Mr. Hunt and Mr. Rice were convicted of second- and third-degree robbery, Alabama's statutory scheme utilizes the same use-of-force element for all three degrees of robbery. *Welch* therefore governs. *See Welch*, 884 F.3d at 1324 (citing the use-of-force element for third-degree robbery, Ala. Code § 13A-8-43).

## II

Mr. Hall and Mr. Rice also challenge the district courts' rulings that Mr. Hall's first-degree Alabama robbery conviction and Mr. Rice's second- and third-degree Alabama robbery convictions are not "crime[s] of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a).

The career offender guideline has the same elements clause as § 924(e). Therefore, our ruling in *Welch* regarding § 924(e)'s elements clause forecloses Mr. Rice's and Mr. Hall's challenge regarding § 4B1.2(a). *See United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016) (citing *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011)).

## III

Mr. Rice argues that his Michigan carjacking conviction is not a violent felony under ACCA. We disagree.

Michigan's carjacking statute requires the taking of a vehicle from another "by force or violence, or by threat of force or violence, or by putting the other person in fear." *See* Mich. Comp. Laws § 750.529a (2003). Mr. Rice contends that Michigan carjacking is not a violent felony because Michigan caselaw allows the state to show that the defendant "put[ ] the other person in fear" without the use or threat of physical force. *Id.*

The Michigan courts have apparently not explained what is required to put another person in fear under § 750.529a. In the one Michigan carjacking case cited by Mr. Rice, the evidence showed that the defendant aggressively slid toward the driver of the car and tried to push him out. *See People v. Terry*, 569 N.W.2d 641, 644–45 (Mich. App. 1997). That case therefore does not support Mr. Rice's contention that "putting in fear" under § 750.529a can be accomplished without physical force or the threatened use of such force.

At least three of our sister circuits have ruled that the "in fear" element contained in a Michigan robbery statute—which is similar to that used in Michigan's carjacking statute—encompasses the use or threatened use of physical force. *See Chaney v. United States*, 917 F.3d 895, 900 (6th Cir. 2019) (Michigan attempted unarmed robbery); *United States v. Tirrell*, 120 F.3d 670, 680–81 (7th Cir. 1997) (Michigan unarmed robbery); *United States v. Lamb*, 638 F. App'x 575, 576–77 (8th Cir.) (Michigan unarmed robbery), *vacated on other grounds*, 137 S. Ct. 494 (2016).

The district court relied on the Sixth Circuit's decision in *Chaney*, and we conclude that it was right to do so in the absence of any Michigan caselaw holding that "putting in fear" can be accomplished without force or threatened use of force. *See United States v. Rice*, No. 2:16-cr-00095, 2017 WL 1247402,*6–7 (N.D. Ala. 2017) (citing *Chaney*, 917 F.3d at 900). *Cf. United States v. Green*, No. 17-14940, 2019 WL 2191114, at *2 (11th Cir. May 21, 2019) (holding that Florida carjacking, which contains an alternative "putting in fear" element, is a violent felony under the ACCA).

## IV

Mr. Hall argues that his 60-month sentence for violating 18 U.S.C. § 922(g), the felon in possession of a firearm statute, was substantively unreasonable because it was greater than is necessary to serve the statutory sentencing factors in 18 U.S.C. § 3553(a). Based on an offense level of 17 and a criminal history category of III, Mr. Hall's guideline range was 30–37 months' imprisonment, and pursuant to a plea agreement, the government recommended a sentence at the low end of the guideline range. At sentencing, however, the district court sentenced Mr. Hall to 60-months imprisonment, between his guideline range and the 10-year statutory maximum penalty for a felon in possession conviction. *See* 18 U.S.C. § 924(a)(2).

At the sentencing hearing, the district court explicitly noted that its role in sentencing under § 3553(a) was to impose a sentence that was "sufficient but not

6

more than necessary to accomplish the sentencing goals set forth in the federal statutes." *See* Sentencing Transcript, D.E. 27 at 11.  The court then concluded that an upward variance was appropriate and a 60-month sentence was warranted in light of Mr. Hall's criminal history and history of using firearms during illegal activity. *See id.* at 12.  The court cited the fact that Mr. Hall had been previously charged with robbery three times, was convicted of first-degree robbery once, and his first-degree robbery conviction involved the use of a firearm.  *See id.* at 11–12.  Weighing these facts, the court said:

> When I see a robbery in the first degree charge and then somebody having a gun again, it's clear to me that they believe they are untouchable in the system and they can do anything they want to do. And that['s] just simply not the case. Do I need to give you a maximum? No. I don't. But I don't believe a guideline sentence is appropriate in this case. I believe the more appropriate sentence to give you in this instance would be 60 months in prison when I consider the nature and circumstances in your continuing conduct with firearms and violating the law.

*Id.* at 12.  On appeal, Mr. Hall argues that the district court focused on his prior robbery conviction involving a firearm to the exclusion of other § 3553(a) factors and that considering his prior conviction in weighing the § 3553(a) factors was duplicative because that conviction was accounted for in his offense level and criminal history category.

The district court did not abuse its discretion in varying upward from the sentencing guidelines and imposing a 60-month sentence.  *See Gall v. United States*,

552 U.S. 38, 51 (2007).  Merely because the court imposed a sentence above the guideline range does not mean the sentence is substantively unreasonable.  *See id.* at 47 & n.3.  "We will not remand for resentencing unless we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  Moreover, we have said that if the imposed sentence is below the statutory maximum sentence, like Mr. Hall's sentence in this case, that is a factor indicating that the imposed sentence is reasonable.  *See United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Here, the district court clearly articulated why it varied from the guidelines and imposed a 60-month sentence.  *See* D.E. 27 at 12.  Its explanation "set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *See Rita v. United States*, 551 U.S. 338, 356 (2007).  Moreover, the district court did not engage in "[i]mpermissible double counting" when it weighed Mr. Hall's past convictions and misuse of firearms—which increased Mr. Hall's offense level and criminal history—because it viewed Mr. Hall's prior acts under other § 3553(a) factors,

8

specifically the need to afford adequate deterrence and protect the public from further crimes. *See United States v. Cubero*, 754 F.3d 888, 894 (11th Cir. 2014).

**V**

For the foregoing reasons, the defendants' sentences are affirmed.

**AFFIRMED.**