[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10585
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-08081-LSC,
2:00-cr-00188-LSC-JEO-1

DONCEY FRANK BOYKIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 5, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Doncey Boykin, a federal prisoner, appeals the dismissal of his successive

motion to vacate his sentence, which he obtained our permission to file. 28 U.S.C.

§ 2255(a), (h). We granted Boykin a certificate of appealability to address whether the district court erred in dismissing his "motion on the ground that his prior convictions for Alabama second-degree robbery still qualified as a violent felony under the Armed Career Criminal Act in the light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)." We affirm.

Our recent decision in *United States v. Hunt*, No. 17-12365, 2019 WL 5588965 (11th Cir. Oct. 30, 2019), forecloses Boykin's challenge to his sentence. In *Hunt*, we held that second-degree robbery under Alabama law qualifies as a predicate offense under the elements clause of the Act. *Id.* at *2. That conclusion was inevitable because the use-of-force element is the same for all three degrees of robbery in Alabama, *id.*, and we already had held in *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018), that first degree robbery in Alabama is categorically a violent felony because it has as an element that the offender use force intended to overcome physical resistance by another person.

Boykin argues that the district court should have denied rather than dismissed his motion, but dismissal was appropriate. Boykin failed to satisfy the requirements to file a "second or successive" motion. 28 U.S.C. § 2244. Section 2244(b)(4) directs that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed

2

unless the applicant shows that the claim satisfies the requirements of this section."

*Id.*

We **AFFIRM** the dismissal of Boykin's motion.