[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2008
THOMAS K. KAHN
CLERK

No. 07-14489
Non-Argument Calendar
_____

D. C. Docket No. 07-00120-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS VERNELL HIRES, JR.,
a.k.a. Morris Hires, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 23, 2008)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

A Middle District of Florida jury convicted Morris Vernell Hires, Jr., of both

counts of a two-count indictment: Count One, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e); and Count Two, possession of cocaine, in violation of 21 U.S.C. § 844(a). The district court thereafter sentenced him to concurrent prison terms: 235 months on Count One, and 120 months on Count Two. Hires now appeals his convictions.

Hires's convictions stemmed from a traffic stop conducted by St. Petersburg Police Officer Robert Lord at 3:00 a.m. on March 16, 2006, in a neighborhood well known for drug trafficking. Hires, a passenger in the stopped automobile, attempted to run from the scene before the car came to a full stop. Officer Lord gave chase, caught up with Hires, and tried to subdue him. Hires resisted, striking out at Lord. In the scuffle that ensued, Lord tore off Hires' sweatshirt and T-shirt. Hires attempted to run away again, so Lord subdued him with his taser gun. Two other officers arrived to assist Lord in taking Hires into custody. One found a .45 caliber semi-automatic handgun eight to ten feet from where Hires and Lord had scuffled; the other found $1,270 in cash and a plastic bag containing 1.9 grams of cocaine near the spot where Hires's torn shirts had been recovered.

Hires's first ground for reversal is that district court erred in denying his motion to suppress the handgun, cash, and cocaine the police obtained from the scene of his arrest. Hires's second ground for reversal is that the evidence was

2

insufficient to establish that he possessed the handgun and drugs and thus committed the crimes charged in the indictment. We consider first the court's denial of Hires's motion to suppress.

The district court held an evidentiary hearing on the motion. Two witnesses testified, Hires and Officer Lord. They presented a classic swearing match, in that their testimonies could not be reconciled. The court rejected Hires's testimony as not credible, accepting Lord's instead. Hires asks us to reverse the district court's denial of his motion to suppress on the ground that the court plainly erred in rejecting his testimony and basing its ruling on Lord's. According to Hires, the court accepted Lord's version of the events simply because he testified consistently with the report he wrote. The court did nothing of the sort; it listened carefully to what the witnesses had to say and reasonably resolved the credibility issue at hand. The district court's findings are set out in the comprehensive order denying Hires's motion. Record, Vol. 1, at 33. We discern no reason for concluding that the court's findings are clearly erroneous.

As an alternative basis for reversing the district court's suppression ruling, Hires argues that Officer Lord lacked legal justification for conducting the traffic stop; his seizure and eventual arrest were therefore unconstitutional.

A person is seized "whenever a police officer accosts an individual and

3

restrains his freedom to walk away." Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). The police may stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking. United States v. Williams, 876 F.2d 1521, 1523 (11th Cir. 1989). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).

The car in which Hires's was riding had temporary license tags. Under Florida law, temporary tags must be "conspicuously displayed in the rear license plate bracket . . . so as to be clearly visible from the rear of the vehicle." Fla. Stat. § 320.131(4). Officer Lord had probable cause to believe the license tag on that car did not comply with this statutory requirement because it was unreadable, or had possibly expired; Lord was therefore justified in conducting a Terry stop. When Hires jumped out of the car before it was fully stopped and began to flee, Lord then had reasonable suspicion to detain him, as unprovoked flight may serve as the basis for a reasonable suspicion that the person fleeing is involved in criminal activity. Accordingly, because the initial stop and subsequent detention did not infringe Hires's Fourth Amendment rights, Hires's motion to suppress was

4

appropriately denied.  We turn now to Hires's sufficiency-of-the-evidence argument.

When a defendant challenges the sufficiency of the evidence for the first time on appeal, we consider the challenge under the plain error standard of review – to avoid manifest injustice.  United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999).  Under this standard, there must be an error that is plain and affected the defendant's substantial rights.  United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).  When these factors are present, we may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id., 507 U.S. at 732, 113 S.Ct. at 1776.  In this case, although Hires moved the district court for a judgment of acquittal, he did so on wholly different grounds than he raises in his brief to us.  We therefore review his sufficiency challenge for plain error.

We must view the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the Government.  United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt."  United States v. Young,

5

906 F.2d 615, 618 (11th Cir. 1990).  This is so because "[a] jury is free to choose among reasonable constructions of the evidence." United States v. Vera, 701 F.2d 1349, 1357  (11th Cir. 1983) (citations and internal quotations omitted).

To make out the Count One offense, a felon in possession of a firearm, the Government had to "prove beyond a reasonable doubt that [Hires] was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005) (internal citations and quotations omitted).  Possession can be demonstrated by proof of "either actual or constructive" possession. United States v. Sweeting, 933 F.2d 962, 965 (11th Cir.1991).  "To establish constructive possession, the government must show ownership, dominion, or control over the firearm." Glover, 431 F.3d at 748.

To obtain a conviction on Count Two, for possession of cocaine, the Government had to prove that Hires "knowingly or intentionally possesses a controlled substance." 21 U.S.C. § 844(a).  Here, Hires admitted to having purchased the handgun and to having it in his possession at the time of the traffic stop.  Although he never admitted to ownership of the cocaine, it was reasonable for the jury to infer that the cocaine was his, given its proximity to the gun and money, both of which he claimed to own.  The district court therefore committed

no error, much less plain error, in denying Hires's motion for judgment of acquittal.

**AFFIRMED.**