[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12744-J
_____

IN RE: MORRIS VERNELL HIRES,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Morris Vernell Hires has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his counseled application, Hires indicates that he wishes to raise one claim in a second or successive § 2255 motion.  He asserts that his claim relies upon a new rule of law, citing *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).  Hires argues that he was denied due process because the district court enhanced his sentence under the now-voided residual clause of the Armed Career Criminal Act ("ACCA") and subjected him to a mandatory minimum 15-year sentence.

The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another.  18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016).  These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively.  *Mays*, 817 F.3d at 731.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.  *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.  The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated clause of the ACCA's definition of a violent

2

felony.  *Id.* at ___, 135 S. Ct. at 2563.   On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch*, 578 U.S. at ___, 136 S. Ct. at 1265.   Although the Supreme Court held that *Johnson*'s invalidation of the residual clause applied retroactively, the Supreme Court remanded Welch's § 2255 proceedings to this Court to determine whether the district court's denial of the § 2255 motion was correct "on other grounds," noting that "the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of *Johnson*."   *Id.* at ___, 136 S. Ct. at 1268.

In light of the Supreme Court's holdings in *Johnson* and *Welch*, many federal prisoners may now seek to make a *prima facie* claim that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause and that therefore they fall within the new substantive rule in *Johnson*.   Federal prisoners who were sentenced under the elements or enumerated clauses, without regard to the residual clause at all, of course, do not fall within the new substantive rule in *Johnson* and thus do not make a prima facie claim involving this new rule. *See In re Robinson*, No. 16-11304, 2016 WL 1583616, at *1 (11th Cir. Apr. 19, 2016) (denying application to file a *Johnson*-based second or successive § 2255 motion where the ACCA predicates counted under the ACCA's elements clause).

Therefore, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection."  *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed

3

evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that [he] is mentally retarded" to support his proposed *Atkins* claim).   When a petitioner seeks leave to pursue a successive § 2255 motion under § 2255(h)(2), we have held that a petitioner must demonstrate a "reasonable likelihood" that they will benefit from a new, retroactive, and previously unavailable constitutional rule in order to make a *prima facie* showing that their application satisfies the requirements of §§ 2244(b) and 2255(h).   *See id.* at 1173-74 & n.1.

Accordingly, it appears that it is not enough for a federal prisoner to simply cite *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced, at least in part, under the residual clause and thus that he falls within the new substantive constitutional rule announced in *Johnson*.   *See, e.g.*, *id.*; 28 U.S.C. § 2244(b)(3)(C).

## I.  BACKGROUND

Following a jury trial, Hires was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of a mixture or substance containing cocaine, in violation of 18 U.S.C. § 844(a).   Hires's presentence investigation report ("PSI") stated that he had the following prior Florida felony convictions: (1) a 1988 conviction for sale and possession of cocaine; (2) a 1988 conviction for aggravated assault; (3) a 1990 conviction for possession of cocaine; (4) a 1990 conviction for possession of cocaine; (5) a 1992 conviction for possession of cocaine; and (6) a 1995 conviction for robbery.

With respect to the 1988 aggravated assault conviction, the PSI reported that on June 1, 1988, Hires pointed a gun at two individuals (one of whom was holding a 9-month old child). With respect to the 1995 robbery conviction, the PSI reported that on August 8, 1994, Hires

4

approached his victim from behind, pointed a gun at the victim, ordered the victim to the ground, told the victim to remove his rings, and then took the rings.

The PSI classified Hires as an armed career criminal under the ACCA.  Hires received 15 criminal history points and a criminal history category of VI (even without enhancement). Hires's guidelines range was 235 to 293 months' imprisonment, and he was subject to the statutory minimum of 180 months' imprisonment under § 924(e).  The PSI did not apply a career offender enhancement.

Hires did not file written objections to the PSI or raise any objections to the factual statements contained in the PSI at his sentencing hearing.  The sentencing transcript shows that the district court expressly adopted the PSI, stating: "The Court will . . . adopt the factual statements as set forth in the Presentence Investigation Report as its findings of fact . . . ."  The probation officer at the hearing proffered that the following three convictions supported a sentencing enhancement: Hires's 1988 conviction for selling cocaine, his 1988 aggravated assault conviction, and his 1995 robbery conviction.  The district court sentenced Hires to 235 months' imprisonment on his § 922(g) firearm charge and 12 months on his § 844(a) drug charge, to run concurrently.

On direct appeal, Hires argued that the district court erred in denying his motion to suppress evidence and that there was insufficient evidence to support his convictions.  Hires did not challenge his sentence or his armed career criminal classification. This Court affirmed Hires's conviction.  *United States v. Hires*, 282 F. App'x 771, 772-74 (11th Cir. 2008) (unpublished).

In 2010, Hires filed a § 2241 habeas petition, in which he argued that the district court erred by using his aggravated assault conviction to qualify him as an armed career criminal, and contending that without this conviction he would not have qualified for ACCA enhancement.

Hires later filed a "motion to withdraw," which the district court construed as a motion to voluntarily dismiss his habeas case; granting this motion, the district court dismissed Hires's case without prejudice.

In 2011, Hires filed his initial motion to vacate his sentence under § 2255, arguing that he was "actually innocent" of his enhanced sentence under the ACCA; he specifically argued that he did not qualify as an armed career criminal because his aggravated assault conviction did not constitute a violent felony under the ACCA after *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010) (hereinafter *Curtis Johnson*). The district court denied Hires's motion as time-barred and found that no exception to the statute of limitations in § 2255 applied. The district court emphasized that *Curtis Johnson* did not address Florida's aggravated assault statute and that in any event it was not applicable on collateral review.

In ruling on the initial § 2255 motion, the district court also stressed that Hires's classification under the ACCA was appropriate. The district court noted that Hires was sentenced as an armed career criminal based on his prior convictions for sale of cocaine, aggravated assault, and robbery, and that Hires was only challenging whether the aggravated assault conviction could serve as an ACCA predicate. Looking to the Florida statute defining aggravated assault, the elements of "generic" aggravated assault, and the *Shepard*[1] documents in Hires's case, the district court determined that Hires's conviction for aggravated assault was a violent felony. Because Hires had two other violent felonies that he did not contest, the district court concluded that he was properly sentenced as an armed career criminal.[2]

---

[1] *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).

[2] The district court subsequently confirmed this ruling after Hires moved for reconsideration.

## II.   PREDICATES FOR HIRES'S ACCA SENTENCE

Under the ACCA, a defendant who is convicted under § 922(g)(1) is subject to a 15-year statutory minimum sentence if he has three previous convictions for a violent felony, serious drug offense, or both, committed on different occasions.   18 U.S.C. § 924(e)(1).   Hires's conviction for sale of cocaine is a serious drug offense.   As discussed below, Hires's convictions for aggravated assault and robbery constitute violent felonies under the ACCA's elements clause, which defines a "violent felony" as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i).

Hires's conviction for aggravated assault counts as a violent felony.   This Court has held that a Florida conviction for aggravated assault under § 784.021 is categorically a violent felony under the ACCA's elements clause.   *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013), *abrogated on other grounds by Johnson,* 576 U.S. ___, 135 S. Ct. 2551.   In *Turner*, we reasoned that an aggravated assault conviction "will always include as an element the threatened use of physical force against the person of another."   *Id.* at 1338 (quotations marks and alteration omitted).   This Court noted that it was not necessary to review of the underlying facts of the conviction to classify aggravated assault as a violent felony because, by its own terms, the offense required a threat to do violence to the person of another.

Hires's conviction for robbery also counts as a violent felony.   At the time of his robbery conviction, Florida's robbery statute provided that:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

7

(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 812.13 (1995).   Ordinary robbery under § 812.13(1) does not involve a firearm and is a second-degree felony.   Armed robbery under § 812.13(1) and (2)(a) involves a firearm and is a felony in the first degree.

In 2006, this Court held that a 1974 Florida "*armed* robbery conviction [was] undeniably a conviction for a violent felony," citing to the ACCA's elements clause.   *United States v. Dowd,* 451 F.3d 1244, 1255 (11th Cir. 2006) (emphasis added).   In 2011, this Court held that a conviction for Florida robbery was a "crime of violence" under the enumerated clause, under the elements clause, and also under the residual clause of the career offender Sentencing Guideline. *United States v. Lockley*, 632 F.3d 1238, 1241-46 (11th Cir. 2011); *see* U.S.S.G. § 4B1.2(a). There is no suggestion in *Lockley* that the defendant had a firearm.[3]   Recently, in *In re Thomas*, Nos. 16-12065, 16-12649, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016), this Court held that an applicant's two convictions for Florida armed robbery qualified as violent felonies under the ACCA's elements clause.

---

[3] In 2012, this Court declined to decide whether a Florida robbery qualified as a violent felony under the ACCA's elements clause, but held that it constituted a violent felony under the ACCA's residual clause.   *United States v. Welch*, 683 F.3d 1304, 1313 (11th Cir. 2012).   In *Welch*, the defendant did not have a firearm.

The unobjected-to facts in the PSI state that Hires was convicted of robbery for pointing a gun at a victim and taking the victim's property at gunpoint. In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard*-approved documents and any undisputed facts in the presentence investigation report. *See United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016); *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006). Thus, like *Dowd*, Hires's robbery involved a firearm. This violent felony conviction supports his armed career criminal classification and ACCA sentence enhancement. Even after *Johnson*'s holding about the residual clause, this Court similarly has held that a Florida aggravated battery conviction and a Florida armed robbery qualify as violent felonies under the ACCA's elements clause and has denied the applicant's motion to file a second or successive § 2255 motion. *See In re Robinson*, No. 16-11304, 2016 WL 1583616, at *1 ("Neither *Johnson* nor any other case suggests that Robinson's [Florida] armed robbery and aggravated battery offenses don't count as ACCA predicates under the 'elements clause.' Indeed our precedent says otherwise.").

## III.  DESCAMPS

Hires's counseled application makes a further argument that warrants discussion. Facing our above precedent that Hires's aggravated assault and robbery convictions qualify as violent felonies under the elements clause, counsel argue that our circuit's binding precedent is now undermined by the Supreme Court's 2013 decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013). The argument, in effect, has four subparts: (1) *Descamps* held that courts may not use the modified categorical approach unless the state statute of conviction is divisible; (2) the relevant Florida statutes are now indivisible; (3) *Descamps* thus undermines our

9

above precedents holding Hires's aggravated assault and robbery convictions qualify under the elements clause, and Hires's convictions, if sentenced today, would not qualify under the elements clause; and (4) today the government would have to rely on only the residual clause which *Johnson* voided.   What counsel attempt to do is to use *Johnson* as a portal to raise *Descamps*-based claims about our ACCA elements-clause precedents through a successive § 2255 motion.   This argument fails for several reasons.

First, the requirement of divisibility was not articulated until 2013 when the Supreme Court issued its *Descamps* decision.   And while *Descamps* is retroactive for a first § 2255 motion, we have held that *Descamps* is not retroactive for purposes of a second or successive § 2255 motion.   *See In re Griffin*, No. 16-12012, 2016 WL 3002293, at *6 (11th Cir. May 25, 2016); *In re Thomas*, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016).   As stated above, in *In re Thomas*, we held that *Descamps* does not qualify as a new rule of constitutional law for § 2255(h)(2) purposes, and, thus, *Descamps* cannot serve as a basis, independent or otherwise, for authorizing a second or successive § 2255 motion.   2016 WL 3000325, at *3.

Second, what matters here is whether, at sentencing, Hires's prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under *Johnson*, or pursuant to the elements clause, which would not.   Again, *Descamps* addressed whether the modified categorical approach could be used when examining whether a prior felony conviction qualified as a predicate violent felony under the enumerated clause. *Descamps* had nothing to do with the residual clause.   *Johnson*, on the other hand, held that the residual clause is unconstitutionally vague.   *Johnson* had nothing to do with the circumstances under which the modified categorical approach could be used.   Accordingly, because Hires's

convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were Hires being sentenced today.

Third and notably too, *Johnson* does not serve as a portal to assert a *Descamps* claim, such as a claim that *Descamps* precludes using the modified categorical approach on a robbery statute unless the statute is divisible, and thus convictions previously counted as predicate robberies under the elements clause no longer count under that clause. *See id.* Consistent with *In re Thomas*, *Johnson* involved the residual clause and does not serve as a portal to relitigate whether a prior robbery conviction or another conviction qualifies under the elements clause. The same is true here. Hires cannot use *Johnson* as a portal to challenge his ACCA predicates of aggravated assault and robbery based on *Descamps*.[4]

Because Hires's three prior ACCA predicate convictions qualified under the elements clause without regard to the ACCA's residual clause, Hires's application does not contain a *prima facie* claim that his sentence was based on the residual clause, or that his sentence falls within the scope of the substantive ruling in *Johnson* or that he will benefit from *Johnson*. Accordingly, his application for leave to file a second or successive § 2255 motion is hereby DENIED.

---

[4] After *Descamps* and before *Johnson*, this Court has denied petitioners' ACCA applications to file second or successive § 2255 motions based on *Descamps* because it was not a new rule of constitutional law. It would be arbitrary and inequitable to permit petitioners who now can cite *Johnson* to pursue second or successive § 2255 motions only because their enhancements are only ultimately invalidated by *Descamps*, not *Johnson* at all.

11