[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13874
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00019-SPC-MRM-1


UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

PATRICK TOWNS,

                                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2016)

Before WILSON, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Patrick Towns pleaded guilty to possessing, in violation of 18 U.S.C. § 922(g)(1), a firearm after a felony conviction. On appeal, Towns challenges his conviction and his sentence. We affirm.

First, challenging his conviction, Towns argues that § 922(g) is unconstitutional. However, acknowledging that *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624 (1995), forecloses his argument, Towns raises the argument solely for the purpose of "preserving" it in the event of future reconsideration of *Lopez*. *See also United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."). Towns fails to offer an argument justifying reconsideration of *Lopez*.

Second, challenging his sentence, Towns argues that "aggravated assault" under § 784.021 of the Florida Statutes fails to constitute a "crime of violence," a conviction for which contributes to the Sentencing Guidelines' recommendation of a lengthier sentence. *See* U.S.S.G. § 2K2.1(a)(2). Our precedent squarely forecloses this argument. We have held that "a Florida conviction for aggravated assault under § 784.021 is categorically a violent felony under the" Armed Career Criminal Act, *In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016), and we interpret

"crime of violence" "in the same manner as" "violent felony," *see United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015).

Finally, Towns argues that his sentence is procedurally and substantively unreasonable.[1] Arguing that his sentence is procedurally unreasonable, Towns asserts that the district court failed to consider "the history and characteristics of the defendant," a factor that a sentencing court must consider under 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007) (holding that "failing to consider the § 3553(a) factors" constitutes procedural error). Specifically, Towns asserts that the district court failed to consider the "progressive" nature of his lupus, an autoimmune disease. The district court's comment that it considered the § 3553(a) factors is sufficient to fulfill its obligation to consider the § 3553(a) factors. *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (citing *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)). Further, the transcript of Towns's sentencing reveals that, although the district court during sentencing never mentioned specifically the progressive nature of Towns's lupus, the court discussed and considered his disease. The presentence investigation report details the progressive nature of Towns's lupus, and Towns explained during sentencing this nature of his disease. Towns fails to establish that

---

[1] The government suggests applying a plain-error standard of review to the argument that the sentence is procedurally unreasonable and applying an abuse-of-discretion standard of review to the argument that the sentence is substantively unreasonable. Because Towns's arguments fail regardless of the standard of review, we need not decide which is the correct standard in this case.

the district court neglected to consider "the history and characteristics of the defendant."

Towns argues that his sentence is substantively unreasonable given the "progressive" nature of his lupus. In considering the substantive reasonableness of a sentence, we must consider the "totality of the circumstances." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. If "the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Docampo*, 573 F.3d at 1101 (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam)). A review of the transcript of Towns's sentencing reveals that the district court not only extensively considered Towns's lupus but imposed the lowest end of the range recommended by the Sentencing Guidelines. Given the totality of the circumstances, the sentence is substantively reasonable.

**AFFIRMED.**