[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10620
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-08084-LSC,
2:01-cr-00164-LSC-TMP-1

ANDREW LEVERT,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 21, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Andrew Levert, proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate. After careful review of the parties' briefs and the record, we affirm.

## I

Mr. Levert is a federal prisoner serving a 236-month sentence for the possession of a firearm as a felon in violation of 18 U.S.C. § 922(g). A jury found him guilty in 2002 and he was sentenced under the mandatory minimum provisions of the Armed Career Criminal Act ("ACCA") based on three prior convictions under California law—two for robbery with a firearm and one for assault with a deadly weapon. *See* 18 U.S.C. § 924(e). Mr. Levert's presentence investigation report (PSI) stated that the robberies qualified as violent felonies under the residual or elements clauses of the ACCA, and the assault qualified as a violent felony under the elements clause. Mr. Levert did not object to the PSI and there was no additional discussion about his prior convictions during the sentencing hearing. He appealed, and we affirmed his conviction and sentence. *See United States v. Levert*, 87 F. App'x 712 (11th Cir. 2003).

In 2002, Mr. Levert filed a motion under 28 U.S.C. § 2255 arguing that he was denied effective assistance of trial counsel, a fair trial, and effective assistance of appellate counsel. The district court denied that motion with prejudice. In June of 2016, following the Supreme Court's decision in *Johnson v. United States*, 135

S. Ct. 2551 (2015), Mr. Levert sought and was granted authorization to file a second or successive § 2255 motion.

Mr. Levert argued in his motion that his two prior robbery convictions no longer qualify as violent felonies under the residual clause of ACCA, which *Johnson* held void for vagueness. He also argued that his two prior robbery convictions do not qualify as violent felonies under the elements clause of the ACCA because California robbery does not require the use, threatened use, or attempted use of physical force.

Before reaching the merits of the § 2255 motion, the district court considered whether Mr. Levert had met the requirements for filing a second or successive application under § 2255(h). It concluded that, under our recent binding precedent of *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), Mr. Levert had not demonstrated that it was "more likely than not" that the sentencing court had relied upon the residual clause—rather than the elements clause—to enhance his sentence under the ACCA. The district court dismissed Mr. Levert's § 2255 motion as an improper successive motion, and he appealed.[1]

**II**

---

[1] Because the district court dismissed the § 2255 motion as successive, Mr. Levert does not need a certificate of appealability to appeal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

Mr. Levert argues on appeal that the standard set forth in *Beeman* does not apply and that he need only show that the ACCA sentencing enhancement was no longer authorized after *Johnson* voided the residual clause.  He also maintains that the force element of the California robbery statute was unconstitutionally applied in the computation of his sentence.

We review de novo the district court's dismissal of a § 2255 motion as second or successive.  *See McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). We also review de novo whether a defendant's prior conviction qualifies as a violent felony under the ACCA.  *See United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015).

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct his sentence must move the court of appeals for an order authorizing the district court to consider such a motion.  *See* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244).  Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

28 U.S.C. § 2255(h)(1), (2).  A court of appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(C).  Whether or not authorization is granted, "[a] district court shall dismiss any claim" that does not meet the requirements for filing a second or successive motion.  28 U.S.C. § 2244(b)(4).

In *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016), we granted a prisoner leave to file a successive § 2255 motion based on our conclusion that he made a prima facie showing that his claim fell within the scope of the new substantive rule announced in *Johnson*.  We explained that our threshold determination did not conclusively resolve the issue because the language of § 2244, cross referenced in § 2255(h), provides that a district court "shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4).  Thus, a district court owes no deference to our prima facie determination and "our first hard look at whether the § 2255(h) requirements actually have been met will come, if at all, on appeal from the district court's decision."  *Moore* 830 F.3d at 1271 (citation and quotation marks omitted).

We also provided guidance for how the district court should conduct its de novo review of the § 2255(h) requirements:

> The district court must decide whether or not [the prisoner] was sentenced under the residual clause . . . , whether the new rule in *Johnson* is implicated . . . , and whether [he] has established the § 2255(h) statutory requirements for filing a second or successive motion. Only then should the district court proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise.

*Id.* at 1271–72 (citation, quotations, and alterations omitted).

The ACCA, which imposes enhanced prison sentences for certain defendants with three prior convictions for either violent felonies or serious drug offenses, defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is the "elements clause," while the second prong includes the "enumerated crimes clause" and what is typically referred to as the "residual clause." *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

In *Johnson*, the Supreme Court determined that the residual clause is unconstitutionally vague but noted that its holding did not affect the elements clause. *See* 135 S. Ct. at 2557–58, 2563. The Supreme Court later held that *Johnson* applied retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct.

6

1257, 1268 (2016).  Thus, a § 2255 claim challenging a sentence under the residual clause is known as a "*Johnson* claim."  A challenge to an improper sentence under the elements or enumerated crimes clauses, on the other hand, is sometimes called a "*Descamps* claim," after *Descamps v. United States*, 133 S. Ct. 2276, 2293 (2013), in which the Supreme Court clarified the "categorical approach" for evaluating offense elements.

In *Beeman v. United States*, 871 F.3d 1215, 1218–25 (11th Cir. 2017), we affirmed a district court's order denying a prisoner's original § 2255 motion asserting that his prior conviction under a Georgia aggravated assault statute was not a violent felony because *Johnson* invalidated the residual clause, assault is not among the enumerated crimes, and Georgia aggravated assault does not qualify as a violent felony under the elements clause.  We determined that the prisoner's residual clause and elements clause arguments were two distinct claims: (1) a *Johnson* claim that he was sentenced under the ACCA's residual clause; and (2) a *Descamps* claim that he was incorrectly sentenced under the elements clause.  *Id.* at 1220.

We affirmed the district court's dismissal of the *Descamps* claim as untimely under 28 U.S.C. § 2255(f)(3) because *Descamps* did not announce a new rule of constitutional law.  *See id.  See also In re Hires*, 825 F.3d 1297, 1304 (11th Cir. 2016) (holding that a prisoner could not "use *Johnson* as a portal to challenge his ACCA predicates . . . based on *Descamps*").  We also held that the prisoner failed to

carry his burden to prove his *Johnson* claim on the merits because he did not show that the district court actually relied on the residual clause in applying the ACCA enhancement. *See Beeman*, 871 F.3d at 1225. We explained that a prisoner has failed to meet that burden "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement." *Id.* at 1221–22.

### III

As in *Beeman*, the district court here identified the two distinct claims raised in Mr. Levert's § 2255 motion: (1) a *Johnson* claim that he was sentenced under the ACCA's residual clause; and (2) a *Descamps* claim that he was incorrectly sentenced under the elements clause. In conducting its de novo review, the district court correctly dismissed Mr. Levert's § 2255 motion as an inappropriate successive motion because Mr. Levert had not satisfied the requirements of § 2244. *See Moore*, 830 F.3d at 1271–72; 28 U.S.C. § 2244(b)(4). Under our binding precedent in *Beeman*, Mr. Levert cannot show as to his *Johnson* claim that it is more likely than not that the sentencing court relied upon the residual clause to enhance his sentence under the ACCA. *See* 871 F.3d at 1221–22. The PSI listed both the residual clause and the elements clause as the bases for classifying his three prior convictions as predicate violent felonies under the ACCA and the court did not specify at sentencing whether it relied upon one clause over the other.

Mr. Levert cites to a recent Ninth Circuit case *United States v. Dixon*, 805 F.3d 1193, 1199 (9th Cir. 2015), which held that, under the categorical approach, California robbery does not qualify as a violent felony under the elements clause of the ACCA. At the time of Mr. Levert's sentencing, however, relevant case law established that California robbery did qualify as a violent felony under the elements clause. *See United States v. David H.*, 29 F.3d 489, 494 (9th Cir. 1994). There is no additional information in the record that elucidates precisely how the two robbery convictions were categorized, so it is just as likely that the sentencing court relied on the elements clause to classify them as violent felonies. *See Beeman*, 871 F.3d at 1222.

Mr. Levert's *Descamps* claim is untimely. Because *Descamps* did not state a new rule of constitutional law, any challenge to Mr. Levert's sentence based on the elements clause had to be brought within one year of the date on which his judgment of conviction became final (which was December 5, 2002). *See* 28 U.S.C.A. § 2255(f)(1). Mr. Levert cannot "use *Johnson* as a portal to challenge his ACCA predicates . . . based on *Descamps*." *Hires*, 825 F.3d at 1304.

Mr. Levert cites to several additional cases in support of his claims, but they are inapposite. In *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), we granted a petitioner's request for authorization to file a successive motion to vacate his sentence, which argued that the residual clause found in 18 U.S.C. § 924(c)—similar

9

to the residual clause invalidated in *Johnson*—was unconstitutionally vague. The panel was clear in *Chance* that the petitioner still had to prove to the district court on de novo review that his sentence was unlawful under precedent from the Eleventh Circuit or the Supreme Court. We later held upheld § 924(c) against the same unconstitutional vagueness challenge in *Ovalles v. United States*, 905 F. 3d 1231, 1253 (11th Cir. 2018) (en banc). The recent Supreme Court decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), only invalidated the similar residual clause found in 18 U.S.C. § 16(b), and its holding, as in *Johnson*, did not affect the similar elements clause found in the same statute. Finally, the defendant in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), contested the district court's application of an incorrect guideline range in sentencing him after he pleaded guilty to being unlawfully present in the United States after deportation. *Molina-Martinez* did not involve a *Johnson* claim.

## IV

Because Mr. Levert has not established that it was more likely than not that the sentencing court relied on the residual clause in concluding that his two prior California robbery convictions were violent felonies under the ACCA, and because the *Descamps* claim that his sentence was erroneously enhanced under the elements clause is time-barred, we affirm the district court's dismissal of his § 2255 motion.

**AFFIRMED.**

10