[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12538-J

_____

IN RE: DREW JAMAL POLLARD,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: ED CARNES, Chief Judge, TJOFLAT, and ROSENBAUM, Circuit Judges.

BY THE PANEL:

Drew Jamal Pollard has filed an application seeking an order authorizing the district court
to consider a second or successive motion to vacate, set aside, or correct his federal sentence.   See
28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

## I. BACKGROUND

In 2009, Pollard pleaded guilty to committing armed robbery of a credit union in
violation of 18 U.S.C. § 2113(a) and (d), and carrying, using, and brandishing a firearm during a
crime of violence (the armed robbery of the credit union) in violation of 18 U.S.C.
§ 924(c)(1)(A) and (B)(i).   The district court sentenced him to 180 months in prison and 5 years
of supervised release.   Pollard did not appeal.

Since his conviction and sentence became final, Pollard has filed two 28 U.S.C. § 2255 motions challenging his § 924(c) conviction and sentence.   In his first § 2255 motion, Pollard claimed that he was actually innocent because he did not use or brandish a firearm while robbing the credit union, and that his counsel was ineffective for advising him to plead guilty to that crime despite his innocence.   The district court dismissed that motion as untimely, and both the district court and this Court denied Pollard a certificate of appealability.   See Pollard v. United States, No. 13-15114 (11th Cir. May 8, 2014).   In his second § 2255 motion, Pollard claimed that his conviction and sentence were unconstitutional in light of the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018).   The district court found that motion to be untimely as well and concluded that it was also without merit.   Again, both the district court and this Court denied Pollard a certificate of appealability.   See Pollard v. United States, No. 18-12948 (11th Cir. Jan. 9, 2019).

Pollard now asks this Court for permission to file a third § 2255 motion, contending that his § 924(c) conviction and sentence are unconstitutional in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019).

## II. DISCUSSION

This Court may only grant an application to file a second or successive § 2255 motion if the motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

28 U.S.C. § 2255(h).   We may "authorize the filing of a second or successive application only if [we] determine[] that the application makes a prima facie showing that the application satisfies the requirements" of § 2255(h).   Id. § 2244(b)(3)(C).

When an applicant contends that his motion contains a claim involving a new rule of constitutional law for purposes of § 2255(h)(2), the prima facie showing that he must make is twofold.   He not only has to show that the decision he is relying on announced a new rule of constitutional law, that the rule has been made retroactive by the Supreme Court, and that it was previously unavailable; he must also show that there is a "reasonable likelihood" that he will benefit from the rule.   See In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016) ("When a petitioner seeks leave to pursue a successive § 2255 motion under § 2255(h)(2), we have held that a petitioner must demonstrate a 'reasonable likelihood' that they will benefit from a new, retroactive, and previously unavailable constitutional rule in order to make a prima facie showing that their application satisfies the requirements of §§ 2244(b) and 2255(h).").   Otherwise, "any prisoner could bring a second or successive petition based on a new constitutional rule made retroactive on collateral review by the Supreme Court, even if it had no bearing on his case."   See In re Henry, 757 F.3d 1151, 1162 (11th Cir. 2014).

There is no question that Pollard can make the first showing.   This Court recently held in a published decision that Davis is a new rule of constitutional law and that the Supreme Court has made it retroactive to cases on collateral review.   In re Hammoud, No. 19-12458, — F.3d —, 2019 WL 3296800 (11th Cir. July 23, 2019).   The problem for Pollard is that he cannot show a "reasonable likelihood" that he would benefit from the Davis rule.   See Hires, 825 F.3d at 1299.   And that is because Davis addressed only

3

§ 924(c)(3)(B)'s residual clause, but the companion crime for which Pollard was convicted (armed robbery of a credit union) qualifies as a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause.

After the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), this Court held that in order for an applicant to show that there was a "reasonable likelihood" that he would benefit from the new rule, he needed to show that he might have been sentenced under the ACCA's residual clause.  See Hires, 825 F.3d at 1299 ("[I]t is not enough for a federal prisoner to simply cite Johnson as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced, at least in part, under the residual clause and thus that he falls within the new substantive constitutional rule announced in Johnson.").   And we held that an applicant could not make that showing if (1) "the sentencing court affirmatively made a finding that an applicant's ACCA predicate offenses qualified under either enumerated crimes clause or elements clause," or (2) "binding precedent clearly classifies an offense that the applicant's sentencing court found to be an ACCA predicate as either an elements or enumerated crimes clause offense."   In re Rogers, 825 F.3d 1335, 1339 (11th Cir. 2016).   In other words, where the record or current binding precedent clearly establishes that an enhanced sentence was not based on the residual clause Johnson struck down, the applicant could not make a prima facie showing that he fell within the scope of Johnson and his application had to be denied.   See e.g., In re Welch, 884 F.3d 1319, 1321 (11th Cir. 2018); Rogers, 825 F.3d at 1340–41; Hires, 825 F.3d at 1303–04; In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016); In re Robinson, 822 F.3d 1196, 1197 (11th Cir. 2016).

After Johnson was issued, but before the Supreme Court decided Davis, some federal prisoners contended that the new rule from Johnson applied to § 924(c)(3)(B)'s residual clause

4

because its wording was similar to the wording of the ACCA's residual clause.   In denying some of those applications, we reasoned that even if § 924(c)(3)(B)'s residual clause was no longer valid in light of Johnson, the applicant could not show that he would benefit from Johnson because the companion crime for which he was convicted qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.   See In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) ("[E]ven if Johnson's rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, [the applicant's] claim does not meet the statutory criteria for granting this § 2255(h) application.   This is because [the applicant's] companion conviction . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); see also In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016) ("[W]here it is clear that a § 924(c) conviction is based on an underlying offense that satisfies the statute's force clause, we have said so and, in those cases, we have denied the application for a second or successive § 2255 motion.").

Just as that reasoning applied to Johnson applications, it applies to Davis applications.   If the companion crime for which an applicant was convicted qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, that applicant cannot show that there is a "reasonable likelihood" that he will benefit from the rule announced in Davis.   See Hires, 825 F.3d at 1299. And if the applicant cannot show that there is a "reasonable likelihood" that he will benefit from Davis, he cannot make a prima facie showing that his application satisfies the requirements of § 2255(h)(2), even though Davis is a new rule of constitutional law that was made retroactively applicable by the Supreme Court and was previously unavailable.   Id.

Pollard is one of the applicants to whom that analysis applies.   The crime that served as the companion for Pollard's § 924(c) conviction was armed robbery of a credit union, in violation of 18 U.S.C. § 2113(a) and (d).   That statute also criminalizes armed robbery of a

5

bank; in fact, it treats banks and credit unions as interchangeable.[1]    This Court has already held that armed robbery of a bank qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.   In re Hines, 824 F.3d 1334, 1336–37 (11th Cir. 2016) (denying application with Johnson-based challenge to applicant's § 924(c) conviction because "his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d)," and "a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)").   So armed robbery of a credit union also qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.   As a result, Pollard cannot show that the Supreme Court's invalidation of § 924(c)(3)(B) in Davis benefits him in any way.   His application for leave to file a second or successive motion is hereby DENIED.

---

[1] 18 U.S.C. § 2113(a) states: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both."   (Emphasis added.)

6