[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14454
Non-Argument Calendar

_____

D.C. Docket Nos. 3:16-cv-00464-RAH-SRW; 3:06-cr-00141-MEF-SRW-1

CLAUDE JEROME WILSON, II,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 28, 2021)

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Claude Jerome Wilson, II, a counseled federal prisoner, appeals the district court's denial of his motion to vacate his Armed Career Criminal Act ("ACCA") sentencing enhancement under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 576 U.S. 591 (2015). He argues that his ACCA-enhanced sentence is unconstitutional because the record shows that the sentencing court could not have relied on the modified categorical approach in finding that his three Georgia burglary convictions constituted violent felonies and, thus, must have relied on the residual clause.

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Additionally, we review *de novo* whether a conviction is a violent felony under the ACCA. *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019). Under the prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by our Court sitting *en banc*. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015). We may affirm on any ground supported by the record, regardless of the ground stated

2

in the district court's order or judgment. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm who has 3 previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The first prong of this definition is commonly referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The Supreme Court in *Johnson* held that the residual clause of the definition is unconstitutionally vague but clarified that its decision did not call into question the remainder of the definition. 576 U.S. at 597-98, 606. The Court later held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

3

In *Beeman v. United States*, we held that a § 2255 movant must prove that it was "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement. 871 F.3d 1215, 1221-22 (11th Cir. 2017). In doing so, we rejected the movant's premise that a *Johnson* movant had met his burden unless the record affirmatively showed that the district court relied upon the ACCA's elements clause. *Id.* at 1223. We stated that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause. *Id.* at 1224 n.4. As examples, we stated that a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. *Id.* Further, we stated that a record may contain sufficient circumstantial evidence, such as unobjected-to presentence investigation report ("PSI") statements recommending that the enumerated-offenses and elements clauses did not apply or concessions made by the prosecutor that those two clauses did not apply. *Id.*

We emphasized in *Beeman* that the relevant issue is one of historical fact—whether at the time of sentencing the defendant was sentenced solely under the residual clause. *Id.* at 1224 n.5. Accordingly, we noted that precedent issued after sentencing "casts very little light, if any, on the key question" of whether the defendant was, in fact, sentenced under only the residual clause. *Id.* We also

4

noted that if the law at the time of sentencing was clear that the defendant's prior conviction qualified as a violent felony under only the residual clause, such circumstantial evidence would strongly point towards finding that the defendant was sentenced under the residual clause. *Id.*

When the record is unclear as to which clause the sentencing court relied on, the § 2255 movant "loses." *Id.* at 1225 (quotation marks omitted). Even if the residual clause was the "most obvious clause under which the convictions qualified," that does not mean, even by implication, that the sentencing court could not have also relied on another clause. *See United States v. Pickett*, 916 F.3d 960, 965 (11th Cir. 2019).

To determine whether a predicate offense qualifies as a violent felony under the enumerated offenses clause, courts apply either the categorical approach or the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 260-61 (2013). Under the categorical approach, courts look only to the elements of the predicate offense and do not consider the defendant's conduct. *Id.* at 261. The modified categorical approach, first recognized in *Taylor v. United States*, 495 U.S. 575 (1990), allows courts to look to a limited class of documents—"*Shepard*" documents, which include the indictment, jury instructions, plea agreement, and plea colloquy—to determine under which version of the crime the defendant was convicted. *Id.*; *see Shepard v. United States*, 544 U.S. 13, 19, 26 (2005). To

5

determine which approach to apply, we must first decide whether a statute is divisible. *Descamps*, 570 U.S. at 261-63. A divisible statute "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Id.* at 257

In *Taylor,* the Supreme Court concluded that a prior conviction could only qualify as "burglary" under the enumerated offenses clause if it was a "generic burglary," which requires an unlawful entry into a building or other structure. *Taylor*, 495 U.S. at 599; *see also United States v. Adams*, 91 F.3d 114, 115 (11th Cir. 1996). The Supreme Court further clarified that non-generic burglary laws are those that "define burglary more broadly, *e.g.*, by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings." *Taylor*, 495 U.S. at 599. Further, the Court indicated that a prior conviction under a non-generic burglary statute could satisfy the enumerated offenses provision if the "indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict." *Id.* at 602.

District courts are permitted to use undisputed PSI facts, in addition to *Shepard* documents, to determine whether a prior conviction resulted from generic burglary. *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016); *see also Adams*,

6

91 F.3d at 115-116.  In *Adams*, we held that the information in the PSI documenting guilty pleas for "burglarizing both dwellings and businesses" established that the movant's Georgia burglary convictions were generic and, thus, constituted predicate offenses for the purposes of enhancement.  *Id.* at 116.

In 1981, when Wilson committed his burglaries, Georgia's burglary statute provided as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

Ga. Code § 16-7-1(a) (1981).  At the time of Wilson's federal sentencing in 2009, we recognized that Georgia's burglary statute was non-generic because it encompassed unlawful entry not just into buildings, but also into vehicles, railroad cars, and watercraft.  *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).  In *United States v. Gundy*, we held that the alternative locational elements in the Georgia burglary statute were divisible.  842 F.3d 1156, 1168 (11th Cir. 2016).  We also held that the defendant's state court indictments made clear that his Georgia burglary convictions were generic burglaries and thus qualified as violent felonies under the ACCA.  *Id.* at 1169.

As a preliminary matter, the district court erred by stating that *Gundy* foreclosed Wilson's argument that his Georgia burglary convictions qualified as

7

violent felonies only under the residual clause because, in *Gundy*, the district court relied on state court indictments to find that the defendant's Georgia burglary convictions constituted violent felonies under the ACCA, while the sentencing court here could have relied only on the undisputed statements in the PSI. *See Gundy*, 842 F.3d at 1169. Nevertheless, we can affirm on any ground supported by the record, and as explained below, the district court properly found that Wilson failed to meet his burden under *Beeman*. *See Castillo*, 816 F.3d at 1303. While Wilson argues that *Beeman* was wrongly decided, we are bound by that decision unless and until is overruled or undermined to the point of abrogation by the Supreme Court or by our Court sitting *en banc*, which has not happened. *See In re Lambrix*, 776 F.3d at 794.

At the time of Wilson's sentencing, the Georgia burglary statute was non-generic and divisible because it listed multiple, alternative locational elements for the crime. *See Bennett*, 472 F.3d at 832; *Gundy*, 842 F.3d at 1168. Accordingly, the sentencing court could have used the modified categorical approach to determine whether Wilson's Georgia burglary convictions were generic burglaries, *i.e.,* involved an unlawful entry into a building or structure. *See Descamps*, 570 U.S. at 261-63. Thus, Wilson had the burden to show in his § 2255 proceedings that those convictions did not involve entry into a building or structure, which he failed to do. *See Beeman*, 871 F.3d at 1224 n.5.

8

While Wilson initially objected to the PSI on the basis of the ACCA enhancement, he withdrew that objection at sentencing, and therefore no facts regarding his Georgia burglary convictions were presented at sentencing. Thus, the sentencing court had only the undisputed PSI facts, on which it was permitted to rely, when determining whether those convictions qualified as generic burglaries. *See In re Hires*, 825 F.3d at 1302; *Adams*, 91 F.3d at 116. While the PSI stated only that Wilson unlawfully entered and committed burglary on three commercial properties, because no evidence was presented to the sentencing court that those burglaries did not involve Wilson entering a building or structure, the court could have concluded that the burglaries were generic and thus constituted predicate offenses. Because the evidence does not clearly explain what happened and Wilson had the burden of proof under *Beeman*, his claim fails. *See Beeman*, 871 F.3d at 1225 (holding that when the record is unclear as to which clause the sentencing court relied on, "the party with the burden loses" (quotation marks omitted)).

In sum, the legal landscape at the time of Wilson's sentencing indicates that the sentencing court could have relied on the enumerated offenses clause to apply the ACCA enhancement based on Wilson's three Georgia burglary convictions. Thus, Wilson failed to meet his burden to show that it was more likely than not that the sentencing court relied only on the residual clause as the basis for the

enhancement.  Accordingly, the district court did not err in denying Wilson's

§ 2255 motion.

**AFFIRMED.**