[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14760
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00500-MHT-SRW
2:12-cr-00031-WHA-SRW-1

ARTHUR DARBY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 2, 2020)

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Arthur Lee Darby, Jr., a federal prisoner, appeals the district court's denial

of his *pro se* 28 U.S.C. § 2255 motion.  On appeal, he asserts that the district court

erred in rejecting his claim that his conviction for attempted aggravated assault, under 18 U.S.C. § 111(b), does not categorically qualify as a "crime of violence," under 18 U.S.C. § 924(c), because that statute is unconstitutionally vague in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015).[1]

Section 924(c) provides for a mandatory consecutive sentence of ten years if a defendant discharges a firearm during a "crime of violence." 18 U.S.C. § 924(c)(1)(A)(iii). It defines a "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or*
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3) (emphasis added). The former is referred to as the "elements clause" and the latter the "residual clause."

In *Johnson*, the Supreme Court held that the similar residual clause in the Armed Career Criminal Act (ACCA), § 924(e)(2)(B)(ii)—which defines a "violent felony" as an offense that "involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague and void, such that an offense could qualify as a "violent felony" only if it were either an enumerated

---

[1] Whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) is a question of law we review *de novo*. *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled on other grounds by Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*en banc*); *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011).

2

offense or satisfied that statute's elements clause. *Johnson*, 135 S. Ct. at 2558–60. The Court in *Johnson* didn't address whether the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *See id.*

In *United States v. Davis*, 139 S. Ct. 2319 (2019)—decided after Darby filed the present § 2255 motion—the Supreme Court extended *Johnson*'s reasoning and held that the residual clause in § 924(c)(3) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. But in cases where a conviction may serve as a predicate under another portion of § 924(c)(3), such as the elements clause, a movant will not be entitled to relief. *See id.*; *see also In re Pollard*, 931 F.3d 1318, 1320–21 (11th Cir. 2019). And importantly, we recently held in *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020), that a conviction under 18 U.S.C. § 111(b) qualifies as a crime of violence under § 924(c)(3)'s elements clause.

So in short, *Johnson* doesn't afford Darby any relief because it didn't address the constitutionality of § 924(c). *See Johnson*, 135 S. Ct. at 2558–60. And although *Davis* held that § 924(c)(3)(B) was unconstitutionally vague, Darby correctly concedes that the challenge to his conviction under § 924(c)(3)(A) is foreclosed by this Court's decision in *Bates*, which, under the prior-panel-precedent rule, remains binding unless and until it is overruled. *See Davis*, 139 S. Ct. at 2336; *Bates*, 960 F.3d at 1286–87; *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

3

Accordingly, because Darby's conviction under § 111(b) qualifies as a "crime of violence" under § 924(c)(3)(A), the district court did not err in denying him post-conviction relief.

**AFFIRMED.**